**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Charles Wayne Jones, Jr,<br>Plaintiff(s),<br>vs.<br>Oliphant USA, LLC, et al.,<br>Defendant(s). | 2:26-cv-00103-RFB-MDC<br>**ORDER RE: ECF NOS. 22 AND 31** |

Plaintiff filed a *Motion for Leave to Amend the Complaint* ("Motion to Amend") and a *Motion for a Status Conference*. *ECF Nos. 22 and 31*. The Court **GRANTS** the Motion to Amend and **DENIES** the Motion for a Status Conference without prejudice, with leave to refile a Stipulation Regarding Discovery Dispute, if necessary.

## I. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)(citation omitted).

## II. ANALYSIS

This is a consumer law case. The plaintiff filed his Motion on the amendment deadline. *ECF No. 20*. Plaintiff argues that he seeks leave to amend to add a defendant, Accelerated Inventory Management, LLC ("AIM") an entity that claims to own the alleged debt at the center of this case. *ECF No. 22*. While the defendants did not file a response to the Motion to Amend, the Court reviews it on the merits. There is no bad faith here. There is also no undue delay because the plaintiff filed his motion before the amendment deadline expired. The defendants will not be prejudiced by the

amendment because the proposed defendants and allegations are closely related to the claims in the operative complaint. Defendants did not file an opposition and there is no evidence before the Court that plaintiff's amendment is futile. Plaintiff has shown good cause to amend the complaint.

Plaintiff argues in his Motion for a Status Conference that the Court should set a status conference regarding a discovery dispute about written discovery requests. *ECF No. 31*. While the defendants did not file a response to the Motion for a Status Conference, in the intervening time, the parties filed a Stipulation Regarding Discovery Dispute ("Stipulation")(ECF No. 33) pursuant to the Court's Standing Order (ECF No. 1). The Court held a hearing and ruled on that Stipulation. *See ECF No. 50.* It is unclear if the parties have resolved all the discovery issues plaintiff raised since the parties did not include any of the issues in the later Stipulation Regarding Discovery Dispute. The Court thus denies the Motion for a Status Conference without prejudice, with leave to refile a Stipulation Regarding Discovery Dispute, if necessary, after the parties have met and conferred.

**IT IS ORDERED:**

1. Plaintiff's *Motion for Leave to Amend the Complaint* (ECF No. 22) is **GRANTED.**
2. Plaintiff **MUST** file the amended complaint on the docket **by October 21, 2026**.
3. Plaintiff's *Motion for a Status Conference* (ECF No. 31) is **DENIED** the without prejudice, with leave to refile a Stipulation Regarding Discovery Dispute, if necessary.

DATED: October 14, 2026.

_______________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the

Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**